No. AF 09-0068

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 82

_____

| | | |
|---|---|---|
| IN RE DISSOLVING THE COMMISSION | ) | O P I N I O N |
| ON THE UNAUTHORIZED PRACTICE | ) | AND |
| OF LAW | ) | O R D E R |

_____

¶1      On February 4, 2009, the Commission on the Unauthorized Practice of Law (CUPL) filed a Petition and Memorandum in Support of Revision of the Rules on the Unauthorized Practice of Law (Petition).  The proposed rule changes were attached to the Petition.  On February 19, 2009, this Court issued its Order submitting the Petition and proposed rule changes for public comment.  Over the period during which public comment was accepted (February 19, 2009 through April 20, 2009), attorneys, other interested persons, organizations, institutions, businesses, and local governments filed voluminous, thoughtful comments with the Clerk of this Court.  Indeed, we cannot recall a matter on which there has been more comment by members of the public on a matter before us.  On June 23, 2009, the CUPL filed its response to the comments and matters raised therein.

¶2      Subsequently, on March 19, 2010, the CUPL filed its Motion to Withdraw the Petition and Memorandum in Support and to Dissolve the Commission (Motion).  To this latter document, the CUPL attached a Memorandum of Understanding entered into on March 19, 2010, between the State Bar of Montana and the Attorney General's Office of Consumer Protection.  Under that Memorandum of Understanding, the Office of Consumer Protection has agreed to receive, process, evaluate, and—in appropriate cases—assign attorneys to address complaints of unauthorized practice of law by non-attorneys.  The Office of Consumer Protection has further agreed to direct complaints of

1

unauthorized practice of law by attorneys not licensed in Montana to the State Bar of Montana for possible referral to the Office of Disciplinary Counsel.

¶3 We conclude that the CUPL's Motion should be granted. However, in order to explain our decision in this regard, we summarize the evolution of this matter following the filing of the CUPL's Petition.

*Background*

¶4 Following the close of the comment period on the Petition, we carefully studied and deliberated the comments and the CUPL's response. As a result of these deliberations and consultations with the CUPL, the State Bar of Montana, and the Montana Attorney General, we reached several conclusions, which are summarized here.

¶5 First, we conclude that this Court is not authorized either directly or through a Commission to regulate the "unauthorized practice of law." Article VII, Section 2(3) of Montana's Constitution empowers this Court to "make rules governing appellate procedure, practice and procedure for all other courts, *admission to the bar and the conduct of its members* [subject to the legislature's power to disprove rules which we adopt]" (italics added). Pursuant to this Constitutional scheme, the legislature has historically defined what constitutes the practice of law (§ 37-61-201, MCA)[1] and has charged the executive branch with the duties of investigating and prosecuting the "unauthorized" practice of law (§ 37-61-214, MCA).

¶6 Second, we conclude that the array of persons and institutions that provide legal or legally-related services to members of the public are, literally, too numerous to list. To name but a very few, by way of example, these include bankers, realtors, vehicle sales and finance persons, mortgage companies, stock brokers, financial planners, insurance agents, health care providers, and accountants. Within the broad definition of § 37-61-201, MCA, it may be that some of these professions and businesses "practice law" in one fashion or another in, for example, filling out legal forms, giving advice about "what this

---

[1] The legislature has also enacted other laws under Title 37, Ch. 61, MCA, which are not at issue here.

2

or that means" in a form or contract, in estate and retirement planning, in obtaining informed consent, in buying and selling property, and in giving tax advice. Federal and state administrative agencies regulate many of these professions and businesses via rules and regulations; federal and state consumer protection laws and other statutory schemes may be implicated in the activities of these professions and fields; and individuals and non-human entities may be liable in actions in law and in equity for their conduct. Furthermore, what constitutes the practice of law, not to mention what practice is authorized and what is unauthorized is, by no means, clearly defined. Finally, we are also mindful of the movement towards nationalization and globalization of the practice of law, and with the action taken by federal authorities against state attempts to localize, monopolize, regulate, or restrict the interstate or international provision of legal services.

¶7 Third, we conclude that this Court has no Constitutional authority to define, generally, what constitutes the practice of law, except within the context of a case or controversy properly before this Court. Moreover, it follows that this Court has no Constitutional authority to define the "unauthorized practice of law," again, except within the context of a case or controversy properly before this Court. And, finally, it follows that we have no Constitutional authority, except within the context of a case or controversy properly before this Court, to sanction or remedy the "unauthorized practice of law."

¶8 Fourth, we conclude that our proper role in matters involving the practice of law or the unauthorized practice of law is to exercise the authority granted to us under Montana's Constitution. We will hear and determine cases and controversies properly before the Court and we will continue to exercise our exclusive, original jurisdiction to supervise all other courts of Montana and the admission to, and conduct of members of, the bar, pursuant to Article VII, Section 2(1), (2), and (3) of Montana's Constitution. In this regard, we conclude also that it is appropriate that we adopt rules for the regulation of the practice of law in Montana by Montana attorneys in addition to those already adopted, and we will do so by subsequent order.

3

¶9 Fifth and finally, based upon the foregoing, we conclude that the CUPL's instant Motion is well taken and should be granted. In so doing, we acknowledge the excellent, and often frustrating, work of the CUPL over the years, and we thank CUPL co-chairs Carol Bronson and John Connor and all others who have served on the CUPL for their service to this Court and to the people of Montana. We also commend the State Bar of Montana and the Attorney General for their work toward establishing a better way of handling complaints of unauthorized practice of law.

¶10 Therefore, good cause having been shown,

¶11 IT IS ORDERED that the CUPL's Motion is GRANTED. The CUPL is dissolved effective April 20, 2010, and its Petition is dismissed as moot. This Court's February 15, 2000 order adopting rules for the CUPL is vacated and all rules for the CUPL are repealed.

¶12 IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Opinion and Order to the co-chairs of the CUPL, to the Attorney General, and to the Executive Director of the State Bar of Montana with the request that notice of this Opinion and Order be published in the next available issue of the *Montana Lawyer*.

¶13 IT IS FURTHER ORDERED that this Opinion and Order be published on this Court's website.

Dated this 20th day of April, 2010.

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

4