IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 10-0212

_____

| | |
|---|---|
| IN RE THE ADOPTION OF RULES FOR THE ) | |
| REGULATION OF THE PRACTICE OF LAW ) | O R D E R |
| IN THE COURTS OF MONTANA BY ) | |
| ATTORNEYS AT LAW ) | |

_____

In furtherance of our power and duty under Article VII, Section 2(3) of the Constitution of the State of Montana to make rules governing the practice and procedure before the courts of this state and the conduct of the members of the State Bar of Montana, we now adopt the attached Rules for the Regulation of the Practice of Law in the Courts of Montana by Attorneys at Law. These rules are effective as of the date of this order.

The attached Rules shall be posted on the Court's website. In addition, the Clerk is directed to provide copies of this order and the attached Rules to: the State Bar of Montana, with the request that the Rules be published in the next available issue of the Deskbook; Thomson-Reuters, with the request that the Rules be published in the next available edition of the Montana Rules of Court; and the Montana Legislative Services Division.

DATED this 1st day of March, 2011.

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ JIM RICE

Rules for the Regulation of the Practice of Law

In the Courts of Montana by Attorneys at Law

Having dissolved the Commission on the Unauthorized Practice of Law,[1] this Court concludes that it is necessary and appropriate that we exercise our Constitutional power under Article VII, Section 2(3) to make rules governing the practice and procedure before the courts of this state and the conduct of the members of the State Bar of Montana. The following rules are intended to implement this Constitutional authority. Therefore, the following rules shall apply in addition to other rules that we have adopted governing admission to the Bar, attorney discipline, rules of professional conduct, rules relating to character and fitness and rules relating to continuing legal education.

I. For purposes of these rules, "attorney at law" includes attorneys (except attorneys-in-fact acting under a valid power of attorney), lawyers, counselors at law, barristers, solicitors, and persons acting "of counsel."

II. Except as provided by law, in order to appear as an attorney at law on behalf of another in the courts of this State, a person must:

(a) have graduated with a Juris Doctor or equivalent degree from a law school accredited by the American Bar Association; and

(b) have complied with the Rules for Admission to the State Bar of Montana; have successfully passed review by the Commission on Character and Fitness; and have successfully passed the Montana Bar Examination; and

(c) have signed and filed with the Clerk of the Montana Supreme Court the written attorney ethics oath prescribed by the Montana Supreme Court; have taken the oral oath prescribed by § 37-61-207, MCA, to support the Constitution of the United States and the Constitution of the State of Montana and to faithfully discharge the duties of an attorney with fidelity to the best of his or her knowledge and ability; and have signed, or the Clerk of this Court has entered the person's name on, the roll of attorneys kept by the Clerk of this Court; and

(d) be a member in good standing (regardless of the category of membership) of the State Bar of Montana, have paid all dues, fees, penalties and license taxes applicable to his or her status as an attorney at law and member of the State

---

[1] *See In re Dissolving the Comm'n on the Unauthorized Practice of Law*, 2010 MT 82, 356 Mont. 109, 242 P.3d 1282.

Bar of Montana, and have met the continuing legal education requirements prescribed by this Court;

(e) provided, however, rules II(a) and (b) above shall not apply to those persons licensed to practice law in Montana and who are members in good standing of the State Bar of Montana on the date of the adoption of these rules, and that rules II(a) through (e) shall not apply to a person who has complied with the rules for *pro hac vice* practice in this State; and

(f) provided further that this rule II does not apply to an attorney at law or other person practicing within the scope of an authorization to practice law granted by the United States or any Indian tribe or to persons acting in compliance with the Water Court Rules.